# IN THE COURT OF APPEALS OF IOWA

No. 20-0176
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES DAVID HARWOOD JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Crystal S. Cronk, Judge.

James Harwood Jr. appeals from his conviction and sentence for sexual abuse in the third degree, claiming ineffective assistance of counsel. **AFFIRMED**.

Steven E. Goodlow of Goodlow Law Firm, Albia, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

In return for dismissal of other charges, James Harwood Jr. pleaded guilty to sexual abuse in the third degree, a class "C" felony, and was sentenced accordingly. He appeals, claiming his counsel was ineffective in allowing him to plead guilty without properly investigating or raising an issue as to Harwood's mental capacity to intelligently enter a plea. The State asserts we do not have jurisdiction to address ineffective-assistance-of-counsel claims on direct appeal due to the 2019 amendments to Iowa Code section 814.7 (2019).

During the 2019 session of the Iowa legislature, Iowa Code section 814.7 was amended to read as follows:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

2019 Iowa Acts ch. 140, § 31. This amendment took effect July 1, 2019, and has been interpreted to apply to cases in which judgment and sentence is entered after the effective date. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (holding Iowa Code section 814.7, as amended, "do[es] not apply to a direct appeal from a judgment and sentence entered before July 1, 2019").

In this case, the crime was committed, the trial information was filed, the guilty plea was entered, and sentence was imposed after July 1, 2019. Therefore, the amended version of section 814.7 cited above applies. By operation of that statute, we lack jurisdiction to hear Harwood's appeal.

**AFFIRMED.**